IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KENNEY McCASTER                                                                  PLAINTIFF

v.                                                                  CIVIL ACTION No. 3:13-cv-0001

GREEN TREE SERVICING;
MORRIS & ASSOCIATES, ATTORNEYS
AT LAW, LLC; CHALLENGE FINANCIAL
INVESTORS CORP.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEM,
MERS, AND JOHN DOES 1-20                                              DEFENDANTS

## ORDER

Before this Court is the Defendant's Motion to Dismiss the Plaintiff's Complaint against it as an individual defendant due to inadequate service of process, as listed in Federal Rule of Civil Procedure 12(b)(5). In short, the Defendant has shown the Plaintiff failed to properly serve a summons and copy of the complaint on this Defendant within the applicable time limit.

The Plaintiff filed his complaint *pro se* on Jan. 2, 2013. [1]. He alleged violations of numerous federal laws and asked the Court to enjoin the collective Defendants from foreclosing upon his real property, as well as any other damages to which he might be entitled. *Id.* On May 22, 2013, pursuant to Fed. R. Civ. P. 4(b), the Plaintiff presented the Clerk with a Summons to be issued and served upon the various Defendants, as required by Fed. R. Civ. P. 4(c). [5]. As the Plaintiff was proceeding *in forma pauperis*, service on the Defendants was attempted by the U.S. Marshals, pursuant to Rule 4(c)(3) and 28 U.S.C. § 1915. [4]; Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915.

Before any attempt was made to serve the May 22 summons, the Defendant filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) [9]. In this motion, the Defendant asked the Court to dismiss it as a party without prejudice, as the Plaintiff had failed to serve it with a summons and copy of the complaint within the 120 day time limit proscribed by Fed. R. Civ. P. 4(m). *Id.* Despite two separate attempts by the Marshals, this Defendant has yet to receive a properly executed summons with a copy of the complaint attached. [26:2]. It is contended this occurred because the Plaintiff supplied the Marshals with the wrong address for the Defendant. *Id.* Thus, despite being less than a month before trial and having submitted numerous motions to this Court with its address listed, this Defendant still has not been properly served.

The Plaintiff filed a voluntary Chapter 13 petition for Bankruptcy relief in the Western District of Tennessee on Apr. 30, 2013, and a stay in these proceedings was entered. *See*, [13]. The automatic stay was lifted by the Bankruptcy Court in June 2015, and the stay in these proceedings was removed on July 1, 2015. [23]. This Court then entered an order denying the Defendant's original Motion to Dismiss with leave to refile. [24]. Finally, after the Defendant had refiled its Motion to Dismiss, the Magistrate entered an order directing the Plaintiff to effectuate service upon all defendants who had not been properly served before Sept. 1, 2015. [27] That second Motion to Dismiss is the subject of this order. [25].

Rule 4 proscribes the method for service of process. Fed. R. Civ. P. 4. Rule 4(m) provides that, if service of the summons is not achieved upon the defendant within ninety (90) days, the defendant may move to dismiss the action against it without prejudice. *Id.* at 4(m). Upon such a motion being filed, and provided the defendant has not in fact been served, the Court must dismiss the action against the defendant, or, if the plaintiff can show good cause for the delay, the Court must extend the time limit for an "appropriate period." *Id.* Further, when service is

challenged as inadequate, the plaintiff bears the burden of proving service was proper. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

While it is true that *pro se* litigants proceeding *in forma pauperis* are subject to "[s]pecial" rules in terms of serving the defendant with process, *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1987), "[p]*ro se* status does not excuse a litigant's failure to effect service." *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (per curium). The facts presented in this case are similar to those present in *Rochon v. Dawson*. 838 F.2d 1107 (5th Cir. 1987). There, a *pro se* plaintiff proceeding *in forma pauperis* filed a complaint against a Dr. Dawson and listed American Legion Hospital as the address where Dawson could be served. *Id.* at 1108. However, no receipt of process was ever received by the Marshals. *Id.* Despite the District Court's open acknowledgment on the record to Rochon that Dawson had not been served, Rochon took no action, and the case against Dawson was dismissed. *Id.* 1109.

The Court in *Rochon* held that, while a *pro se* plaintiff proceeding *in forma pauperis* "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, when such failure" is due to no fault of their own, a *pro se* plaintiff cannot "remain silent and [fail to take any steps toward] effectuat[ing] such service." *Id.* at 1110. Fault and unreasonable delay are inexcusable, and "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* As Rochon was aware that the Marshals had been unable to properly serve Dawson and made no attempt to correct this defect of service, the Court affirmed the dismissal. *Id.*

The Plaintiff, while able to rely on the Marshals to serve process in light of his *in forma pauperis* status, cannot turn a blind eye to defects in service of process. Clearly, the Plaintiff was

3

aware that the Defendant had not been served; he requested that service be attempted a second time after learning that the first summons had been returned unexecuted. [19]. The Marshals cannot be held responsible for the Plaintiff providing them with the incorrect address, and the Plaintiff's failure to correct this defect, despite being given multiple chances by the Court and the Defendant's address being listed on various court documents, constitutes the exact type of fault described in *Rochon*. Given the fact that the Plaintiff was aware of the issue regarding service of process and the Court's allowance of an extended period of time to correct the flaw, the Plaintiff's failure to properly serve process upon the Defendant is inexcusable.

In light of the foregoing, it is hereby

ORDERED that, pursuant to the Defendant's renewed motion, the Plaintiff's case against Defendant Morris & Associates is dismissed.

SO ORDERED this the 9th day of February, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**